## Borough of Forty Fort v.
## Teleservice Company of Wyoming Valley

*Arthur L. Piccone*, for plaintiff.

*Martin D. Cohn* and *Bart E. Ecker*, for defendant.

PODCASY, J., March 2, 1972.—This matter is before the court upon plaintiff's application for a preliminary injunction to restrain defendant from installing wires, transmission lines, distribution lines, cables, coaxial cables and service lines in the streets of the Borough of Forty Fort.

The rather recent case of Alabama Binder and Chemical Corporation v. Pennsylvania Industrial Chemical Corp., 410 Pa. 214 (1963), enumerated the essential prerequisites for the issuance of a preliminary injunction. They are: (1) The necessity to prevent immediate irreparable harm; (2) greater injury will result by the refusal than the granting of the preliminary injunction; and (3) the granting of the relief sought properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct.

The factual background is that on June 13, 1969, the Borough of Forty Fort by *Resolution* which was never advertised, at a special meeting granted a nonexclusive license to Teleservice Company of Wyoming Valley, a private business corporation, to erect, maintain and operate a television transmission and distribution system (sometimes called community antenna television) by means of poles and wires over, along, across and upon the streets of the borough. In pursuance thereto, Teleservice made plans for said installation by preparing a pole schematic, etc., but due to a Federal Communications Commission ruling at that time limiting the number of channels

allowed to be transmitted through this system, work in reference to the resolution did not commence until January 6, 1972, when defendant, Teleservice, through an independent contractor began the installation of transmission lines on poles in the borough. This, of course, was some two and one-half years after it was awarded the nonexclusive grant.

However, a week prior to, or on December 31, 1971, the plaintiff borough, by *Ordinance*, granted an exclusive cable television franchise, for the borough, to Universal Television Cable System, Inc. Same was duly advertised according to law on January 15, 1972. This application for preliminary injunction was filed by the borough on January 14, 1972.

In considering whether a preliminary injunction should issue, the court must first determine what rights a borough has to grant to others the use of public streets. May a municipality grant to a private business corporation the right to maintain, within the right-of-way of public streets, poles and wires for the transmission of television programs to subscribing members of the community for a consideration?

In 46 South 52nd St. Corporation v. Manlin, 398, Pa. 304, 157 A. 2d 381 (1960), our Supreme Court held that the public rights in the streets of the city are in the exclusive possession of the municipality which may authorize the use of the sidewalk as well as the cartway for public service. Through the Fifty-Second Street case it was implicit that the establishment of rules and regulations pertaining to the occupancy of streets and sidewalks could only be adopted through the formality of an ordinance. What was said in this case pertained to a third class city and the same would apply to a borough or township.

While this language obviously contemplates the grant of privileges to the use of streets to public utili-

ties, that it may encompass a similar franchise to a "person," or corporation, to operate a private community television antenna system is inferred in Farrell v. Altoona CATV Corporation, 419 Pa. 391 (1965). While that case merely held that a franchise for such a purpose can be granted only by ordinance and not by resolution, it must have been assumed by the parties and the court that a privilege could be given for such service by a proper legislative enactment.

Thus it is clear that, when on June 13, 1969, the plaintiff borough by resolution granted defendant a nonexclusive franchise to install its equipment over borough streets and sidewalks, this was a legislative enactment which, as such, had no force or effect in the absence of advertisement as required by the provisions of the Borough Code of February 1, 1966, P. L. (1965) 1656, (No. 581) sec. 1008, 53 PS §46008. The resolution, never having been duly advertised, was not complete or binding on either the borough or Teleservice. The provision of the Borough Code is mandatory, and until compiled with, an ordinance or resolution is ineffective, and as wholly inoperative as if the municipal legislative body had not acted in the matter. Publication is a duty imposed upon the corporate officers, and until it is performed, no rights are granted. See Carpenter v. Yeadon Borough, 208 Pa. 396 (1904), construing a prior similar statutory provision.

Our courts in Kay v. Sagerdahl, 1 D. & C. 110 (1921), stated at page 118:

". . . an enactment of a borough council, . . . whether ordinance, resolution or motion, which provides for the permanent regulation of the government of the borough, or the creation of liability by contract, *or the permanent occupation of the streets, is legislative*

as distinguished from being merely *ministerial* . . . and as such falls within the statutory requirements as to being advertised and recorded in the ordinance book and must be submitted to the burgess for his approval." (Italics supplied.)

It is obvious from the record that the resolution of June 13, 1969, provided for a permanent occupancy of the streets of Forty Fort Borough. The resolution was, therefore, legislative in nature, and, having never been advertised according to law, was invalid. This being the case, the borough was free to enact the 1971 ordinance, which, when advertised, recorded and approved by the mayor, became the law of the borough granting an exclusive cable television franchise to Universal Television Cable System, Inc.

There is no need to discuss whether or not defendant company was guilty of laches. The essential prerequisite for the issuance of a preliminary injunction having been established, viz, that it is necessary to prevent immediate and irreparable harm which could not be compensated by damages; that greater injury would result by refusing it than by granting it; and that it properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct, we accordingly do hereby enter the following

## ORDER

It is ordered, adjudged, and decreed that defendant, Teleservice Company of Wyoming Valley, etc., is hereby enjoined from further installation of television cable within the Borough of Forty Fort, and further that the said defendant is ordered to expeditiously remove the television cable and equipment it has installed on the poles in the Borough of Forty Fort.