## Morello v. Ellwood City Borough Zoning Board

*David L. Gropp*, for appellants.
*Keller & Luxenberg*, for zoning hearing board.
*George Hancher*, for respondents.

HENDERSON, P. J., March 12, 1973.—On October 4, 1972, the Zoning Hearing Board of the Borough of Ellwood City granted a variance to defendants, Brownstein and Lane, to use the premises located at 300 Fountain Avenue, Ellwood City, Lawrence County, Pa., partially as a dwelling and partially as an accounting office. On October 10, 1972, plaintiffs, the Morellos, filed a timely appeal to the court from the aforesaid decision of the zoning hearing board. Defendant, Zoning Hearing Board of the Borough of Ellwood City, and the individual defendants filed preliminary objections to this appeal. Subsequently, plaintiffs filed a motion to dismiss the preliminary objections as well as filing answers to the preliminary objections. This case is now before the court for a decision as to the preliminary objections and motion to dismiss the preliminary objections.

The first question is whether or not an appeal may

be taken directly to the court from a decision of the zoning hearing board without first appealing to the borough council as the zoning ordinance required. We hold that such an appeal may be taken directly to the court.

The Pennsylvania Municipalities Planning Code of June 1, 1972, P. L. 238, (No. 93), sec. 1007, 53 PS §11007, provides an appeal procedure as follows:

"Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections 909 and 915. The submission shall be governed by the provisions of section 1005.

"Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is entered."

It is clear from this section of the act that a review by the borough council of the zoning hearing board's decision was not contemplated by the legislature. Where, as here, a method of procedure is provided by an act of the legislature, the direction of such act must be strictly followed and, further, section 1001 of the Pennsylvania Municipalities Planning Code, supra, 53 PS §11001, explicitly provides that the appeal procedures set forth in the code "constitute the exclusive mode" for contesting municipal zoning decisions. See also Knup v. Philadelphia, 386 Pa. 350, 126 A.2d 399 (1956).

Thus, section 53(a) of the Ellwood City Borough

Zoning Ordinance providing for a review of the decision of the zoning hearing board by the borough council is in direct conflict with and inconsistent with the aforesaid planning code and, under the well-settled principle of law that ordinances inconsistent with statutes covering the same subject must fall, said borough ordinance is invalid. See Brazier v. Philadelphia, 215 Pa. 297, 64 Atl. 508 (1906).

Also, section 103 of the planning code, 53 PS §10103, provides as follows:

"All ordinances . , . made pursuant to any act of Assembly repealed by this act shall continue in effect as if such act had not been repealed, *except as the provisions are inconsistent herewith.*" (Italics supplied.)

Section 53(a) of the borough ordinance requiring the prior appeal to the borough council is also in conflict with The Borough Code of February 1, 1966, P. L. (1965) 1656, which defines the appeal procedure in section 3207, 53 PS §48207(i). This section, in pertinent part, reads as follows:

"Any person aggrieved by any decision of the board of adjustment (now the zoning hearing board), or any taxpayer or any officer of the borough, may within thirty days after such decision of the board appeal to the court of common pleas of the county by petition."

Although The Borough Code of 1966 was superseded by the planning code, we find that the planning code cannot breathe life into a municipal ordinance effectively repealed by a subsequent legislative act, which subsequent act itself was repealed by the planning code: Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners, 440 Pa. 299, 269

A.2d 871 (1970). Even though that case was a mandamus action and grew out of an amendment to the zoning ordinance, and the case at bar is an appeal from the granting of a variance, the critical issue in the case at bar was there decided. That court held that:

" [T]he authority of the Township to adopt a Protest provision derived from the statute, and, because it did, such authority was to be exercised only as the statute prescribed. When, therefore, the statute was amended and the ordinance was not, the ordinance became inconsistent with the statute and hence invalid."

The court based its holding on three basic principles of law:

1. In the absence of the grant of specific power from the legislature, municipalities do not have the authority to pass zoning ordinances: Kline v. Harrisburg, 362 Pa. 438, 68 A.2d 182 (1949).

2. Zoning regulations do not physically take property, but they do so regulate its use as to deprive the owner of substantial rights thereon without compensation. Therefore, such powers should be exercised only in the manner designated by the legislature. See Kline v. Harrisburg, supra.

3. If a statute and an ordinance are inconsistent, or if the statute can fairly be regarded as intended to supplant the ordinance, the latter must give way and the statute only have effect given to it: Brazier v. Philadelphia, supra.

The second issue presented is whether or not plaintiffs are "persons aggrieved" within the meaning of the planning code and, therefore, whether they have standing to appeal.

The term "persons aggrieved" is not defined in the planning code. Even though it is defined in section

53(a) of the borough zoning ordinance, as we have held above that ordinance is invalid as being in conflict with later statutory enactments.

A review of the cases indicates that most private protestants whose standing is unquestioned are owners of property in the immediate area of the tract involved: Esso Standard Oil Co. v. Taylor, 399 Pa. 324, 159 A.2d 692 (1960). Lessees of neighboring property have been granted standing to protest the zoning permit or application: Richman v. Zoning Board of Adjustment, 391 Pa. 254, 137 A.2d 280 (1958) and Nicholson v. Zoning Board of Adjustment, 392 Pa. 278, 140 A.2d 604 (1958). In Yorgosky Zoning Board of Adjustment, 33 Lehigh 3, 45 D. & C. 2d 275 (1968), a protestant who lived in the immediate area of property involved was held to have standing to appeal even though the protestant lived in a different municipality. The term "persons aggrieved" is summarized in 8A McQuillan Municipal Corporations, sec. 25.318, pages 403 to 406 (3rd Ed. 1965), as one upon whose property interests a decision will have an adverse effect. This term is usually given broad interpretation and adjoining property owners come within the definition. Essentially, the question is a question of fact.

In the case at bar, plaintiffs are alleged to be owners of property abutting on defendants' property, the subject of this proceeding. We hold that plaintiffs do have standing to take this appeal.

## ORDER OF COURT

Now, March 12, 1973, it is hereby ordered, adjudged and decreed that the preliminary objections filed herein are each overruled, and this matter is set for Thursday, April 12, 1973, at 9:30 a.m., for hearing on the merits.