M. Frank Rush and Renee Rush et al. *v.* Airport Commercial Properties, Inc., Briar Properties, Inc., Briar House Condominium Assn., Inc. and Cheltenham Township Board of Commissioners. M. Frank Rush et al., Appellants.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Carl K. Zucker,* with him *Reuben E. Cohen,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellants.

*Morris Gerber* and *John P. Gregg,* with them *Marc D. Jonas; Gerber, Maerz & Wilenzik; Samuel H. High, Jr.;* and *High, Swartz, Roberts & Seidel,* for appellees.

OPINION BY JUDGE BLATT, December 30, 1976:

This is an appeal from an order of the Court of Common Pleas of Montgomery County granting the defendant-appellees' preliminary objections and dismissing the plaintiff-appellants' complaint in equity which sought relief in the nature of a preliminary injunction. Our scope of review here is limited to a determination of whether or not the lower court committed an error of law or a manifest abuse of discretion. *Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 314 A.2d 328 (1974). We believe that the action of the lower court was based upon adequate grounds and sound legal principles, and we, therefore, affirm that action and dismiss this appeal on the able opinion of Judge SMILLIE, which follows:

"Plaintiffs, individual property owners and a civic association in Cheltenham Township, Montgomery County, Pennsylvania, seek issuance of a preliminary injunction to enjoin defendants from constructing any structure on certain ground presently owned by defendant, Briar House Condominium Association, Inc.

"The property, located adjacent to land owned by certain plaintiffs, was conveyed to defendant, Briar Corporation, Inc., on August 3, 1971 from defendant, Airport Commercial Properties, Inc. On August 4, 1971, in accordance with the Pennsylvania Unit Prop-

erty Act, Briar Properties, Inc. recorded declaration of condominium, code of regulations, and declaration plan, creating Briar House Condominium Association, Inc., present owner.

"On April 22, 1970, defendant, Cheltenham Township Board of Commissioners (Commissioners) approved a subdivision plan, development plan 70-4, providing in part for a 130 foot planted buffer strip between plaintiffs' and defendants' land. On July 9, 1970, the plan was recorded in the Office of Recorder of Deeds, Montgomery County, Pennsylvania, Plan Book A-17, page 7. On July 22, 1970, a building permit (Number D4741) was issued which authorized construction of a 99-unit apartment house on defendant's property. Plaintiffs appealed issuance of the building permit to the Cheltenham Township Zoning Hearing Board.

"On January 25, 1971, in consideration of plaintiffs' withdrawl [sic] of appeal to Zoning Hearing Board, Airport Commercial Properties, Inc., agreed, inter alia, to:

(1) Retain the area on the westerly side to the rear of the rear parking area in a natural state, to be marked upon a cite [sic] plan and to cover and maintain same with earth to permit a growth of grass and natural vegetation;

(2) Limit any hard surfacing in said area to the extent possible consistent with utilization of the required parking area;

(3) Relocate a planted buffer on the approved plan, natural six foot high arbor-vitae closely planted to provide and maintain an effectual sight barrier;

(4) Retain existing trees on the southerly and westerly sides of the premises in green areas and buffers not utilized for buildings and vehicular access; and

(5) Refrain from further application for change in either zoning or use once the premises were erected in conformance with the approved plan.

"On August 7, 1975, Briar House Condominium Association, Inc., requested Commissioners to amend development plan 70-4 by submitting for approval development plan 75-13 for construction of a tennis court within the planted buffer strip and natural state portion of the land located next to plaintiffs' property and referred to in aforesaid agreement. Commissioners have not acted upon the request for approval of development plan 75-13 and such matter is not before the Cheltenham Township Zoning Hearing Board.

"Plaintiffs filed complaint requesting the Court in equity to issue a preliminary injunction to enjoin defendants from taking any action regarding development plan 75-13. Defendants' preliminary objections to the complaint were sustained and plaintiffs appealed; hence the opinion herewith.

"A preliminary injunction is an extraordinary remedy, and the trial Court's power to use it should be exercised only after careful deliberation has persuaded it of the necessity for the relief. Proper exercise of discretion requires consideration of whether plaintiffs have demonstrated the essential prerequisites for its issuance:

(1) That it is necessary to prevent immediate and irreparable harm not compensable in damages;

(2) That greater injury would result by refusing it than by granting it; and

(3) The granting of the relief sought properly restores the parties to their status as it existed immediately prior to the alleged wrongful conduct.

Borough of Forty Fort v. Teleservice Co. of Wyoming Valley, 57 Pa. D. & C. 2d 329 (1972). American Federation of State, County and Municipal Emp. v. Shapp, 443 Pa. 527 (1971). Albee Homes, Inc. v. Caddie Homes, Inc., 417 Pa. 177 (1965).

"Plaintiffs' complaint is premature as they are clearly not in danger of any immediate or irreparable harm from defendants. No evidence has been presented to show action by anyone to threaten or accomplish damage to plaintiffs' property interests or rights. Although defendant, Briar House Condominium Association, Inc., is seeking approval from Cheltenham Township Board of Commissioners to construct a tennis court on their property, no construction can begin before approval of development plan 75-13. Moreover, plaintiffs provide no evidence of threatened harm as no alterations to the property have been made.

"There can be no irreparable injury where plaintiffs have an adequate remedy at law. Miller v. American Telephone & Telegraph Corporation, 344 F. Supp. 344 (E.D. Pa. 1972). In the present case, plaintiffs have an adequate remedy at law and have not pursued or exhausted it. At hearing, on February 9, 1976, counsel for both plaintiffs and defendants told the Court that the Cheltenham Township Board of Commissioners had not acted upon development plan 75-13 and such plan was not before the Cheltenham Township Zoning Hearing Board.

"Where a method of procedure is provided by an act of the legislature, the direction of such act must be strictly followed. Morello v. Ellwood City Borough Zoning Board, 61 Pa. D. & C. 2d 38 (1973). The exclusive mode of relief to be followed by plaintiffs, if the Commissioners approve development plan 75-13, is appeal to the Cheltenham Township Zoning Hearing Board. Soltis v. Hanover Associates,    Pa. Com-

monwealth Ct.    , 350 A.2d 217 (1976).   Turner v. Board of Supervisors of East Vincent Township, 22 Chester Co. Rep. 24 (1974).   The procedure is explicitly provided for by the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P.L.    , No. 93, Section 1001; 53 P.S. Section 11001:

'The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act.'

It further provides:

'Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board. . . . Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued.'

Act of June 1, 1972, P.L.    , No. 93, Section 1007; 53 P.S. Section 11007.

"It is, therefore, abundantly clear that plaintiffs have come to the wrong tribunal for relief.   They are not in danger of immediate and irreparable harm as no affirmative action has been taken to construct any structure on Briar House Condominium Association, Inc.'s property.   Further, the legislature provides an adequate remedy at law, permitting appeal from de-

cision of Board of Commissioners to Zoning Hearing Board, then appeal to the Court of Common Pleas.

"Thus, plaintiffs' complaint is properly dismissed for lack of equity jurisdiction."

Order affirmed.

### ORDER

AND Now, this 30th day of December, 1976, the order of the Court of Common Pleas of Montgomery County, dated February 9, 1976, is hereby affirmed and the appeal of M. Frank Rush is dismissed.