In the Matter of: Revocation of Club Liquor License No. C-412 Issued to Calabrese Club De Monte Carmela, 509-513 West 16th Street and 1610 Walnut Street, Erie, Pennsylvania. Calabrese Club De Monte Carmela, Appellant.

Argued May 5, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Lawrence L. Kinter,* with him *McNelis, Lucht & Kinter,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 20, 1977:

This is an appeal from an order of the court of common pleas affirming the suspension by the Pennsylvania Liquor Control Board (Board) of the license of Calabrese Club De Monte Carmela (Appellant).

In its citation, the Board alleged that on or about August 16, 1975, Appellant, in violation of the Pennsylvania Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq., "sold liquor and/or malt or brewed beverages on the licensed premises to persons who were not members of your licensed organization." The citation also contained the

additional allegation that Appellant, on or about August 16, 1975, impermissibly sold these alcoholic beverages between the hours of three o'clock and seven o'clock in the morning. An agent of the Board delivered a Notice of Apparent Violation to Appellant on the morning of August 16, 1975. After hearing, the Board suspended Appellant's liquor license for a 60-day period. Upon appeal to the court below, the decision of the Board was affirmed.

Appellant raises three contentions on appeal for our consideration, each involving the Board's Manual of Instructions (Manual).

First, Appellant alleges that the directives contained in the Manual are invalid. We are urged that these directives fall into the definition of "regulations" and, therefore, pursuant to the Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §1101 et seq., are invalid unless filed with the Legislative Reference Bureau. These instructions, which Appellant admits merely govern the conduct of the Board's agents, are purely internal in nature and are not, therefore, subject to the requirements of the Act for valid promulgation.

Appellant argues in the alternative that, assuming the Manual is a validly promulgated set of regulations, the investigating agent failed to comply with these rules and that, therefore, the Board's action pursuant to this agent's investigation is invalid. However, since we do not accept Appellant's assumption that the content of the Manual is the proper subject of regulations, but conclude, at best, a violation of internal directives may have occurred, we also reject Appellant's second argument.

Finally, Appellant claims that the court below improperly refused its request to order the Board to supply Appellant with a complete copy of the Board's Manual. As noted above, the subject matter of the

Manual involves the purely internal conduct of the agents and, therefore, the court below did not err in refusing to order that the Manual be furnished to Appellant.

Affirmed.

ORDER

AND Now, this 20th day of June, 1977, the order of the Court of Common Pleas of Erie County is hereby affirmed.