## Recklitis v. Nefa Corporation

*John M. Demcisak,* for plaintiffs.
*Samuel Glantz,* for defendants.

GARB, *J.*, May 12, 1978—In 1974, plaintiffs herein instituted this action in equity against the various named corporate defendants seeking relief for damages allegedly sustained as a result of the runoff of certain surface waters from the subdivision developed by corporate defendants. In addition to at least two other cases of which we are aware instituted by plaintiffs against other defendants for similar damage, this case has wound its tortuous course up to this time, still apparently far from resolution, ultimately resulting in an amended complaint filed in January of 1978. By virtue of the amended complaint the Township of Northampton was included as a defendant. The township has filed preliminary objections to the amended complaint against it which have been praeciped before the undersigned for disposition under Bucks County Rule of Civil Procedure *266. We are satisfied that the preliminary objections are well taken and that the complaint against the Township of Northampton must be dismissed.

The complaint against the township is contained in count three wherein it is alleged that the township negligently, carelessly and recklessly approved the subdivision plans submitted by corporate defendants, count four wherein it is alleged that the township breached its statutory duty to plaintiffs in that the roads and storm drainage facilities which were permitted violated the Northampton Township land subdivision regula-

tions and article V of the Municipalities Planning Code, and count five wherein it is alleged that the township intentionally, deliberately, maliciously and in willful disregard of plaintiffs' rights approved the subdivision plan. Although the exact date does not appear in the complaint, it is obvious that the subdivision plan was approved by the township sometime prior to November of 1972. It is obvious that it is this approval which is attacked in the three counts of this complaint directed against the township and it is equally obvious, therefore, that the preliminary objections to that attack in the complaint must be sustained.

Section 1001 of the Municipalities Planning Code of June 1, 1972, P.L. 238, 53 P.S. §11001, provides that the proceedings set forth in that article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to the Municipalities Planning Code. Section 1007, 53 P.S. §11007, provides that persons aggrieved by a use or development permitted on the land of another who desire to secure a review or correction of a decision or order of the governing body or any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map, shall first submit their objections to the zoning hearing board. It is obvious, as stated, that plaintiffs' complaint against the municipality is to the approval by the municipality of the subdivision applications as processed under section 508, 53 P.S. §10508, of the Municipalities Planning Code of July 31, 1968, P.L. 805, as amended. Therefore, by virtue of the juxtaposition of section 1001 with section 1007 the

only method of review of that decision of the municipality was through appeal to the zoning hearing board. The exclusivity as set forth by section 1001 of the Municipalities Planning Code has consistently been held to be just that: Appeal of Cibula v. Bradford Township, 25 Pa. Commonwealth Ct. 333, 360 A. 2d 812 (1976); Soltis v. Hanover Associates, 22 Pa. Commonwealth Ct. 637, 350 A. 2d 217 (1976); and Rush v. Airport Commercial Properties, Inc., 28 Pa. Commonwealth Ct. 51, 367 A. 2d 370 (1976).

For the foregoing reasons the preliminary objections of the township to the amended complaint against it will be sustained and the complaint against it dismissed. By virtue of our decision herein, it is unnecessary for us to address the additional reasons assigned by the township in support of its preliminary objections.

## ORDER

And now, May 12, 1978, it is hereby ordered, directed and decreed that the preliminary objections of defendant, the Township of Northampton, to the amended complaint are sustained and the amended complaint against the said township is dismissed.