Al Ambron, Robert Barrett, Oscar Bowen and Joseph Kelly, Appellants *v.* Philadelphia Civil Service Commission, Appellee.

Al Ambron, Robert Barrett, Oscar Bowen and Joseph Kelly, Appellants *v.* Lewis Taylor, Personnel Director, City of Philadelphia and Edward G. Rendell, District Attorney, City of Philadelphia, Appellees.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John W. Morris, Pierson, Jones, Nelson & Shalita,* for appellants.

*Sheldon L. Albert,* City Solicitor, with him *Edward G. Rendell, Julian Wessell* and *Gayle R. Smith,* Assistant City Solicitors, for appellees.

OPINION BY JUDGE WILLIAMS, JR., November 7, 1980:

This case represents the consolidation of two separate appeals filed in this Court by the same joint appellants, Al Ambron, Robert Barrett, Oscar Bowen and Joseph Kelly. The four appellants were county detectives in the office of the Philadelphia District Attorney until "transferred" from that position to the Philadelphia Police Department to be uniformed officers. The four detectives contested the validity of the

"transfers" and appealed to the Court of Common Pleas of Philadelphia County under the Local Agency Law.[1] The two appeals now before this Court are from two separate orders of the court below denying relief to the detectives.

Prior to their appointments as county detectives, the four appellants were members of the Philadelphia police force. Bowen was appointed in 1971, and the other three were appointed in 1977. Their appointments to the position of county detective were pursuant to Section 1 of the Act of June 3, 1919, P.L. 369, *as amended,* 16 P.S. §7741.

The apparent effect of the appointments was to separate the four men from the Philadelphia Police Department and to place them under the authority and control of the District Attorney's office. In their capacity as county detectives each of them was classified as a permanent civil service employee under the job title of "Prosecution Detective I."

In June, 1978, the four detectives were informed that they were to be "transferred" *back* to the Police Department as uniformed police officers. Under protest they complied with the requirements for separation from the District Attorney's office, completed application forms for the Police Department, and were sworn in as police officers.[2]

When the appellants were initially notified of their "transfer" back to the Police Department, they lodged complaints with the District Attorney and the Police Commissioner. The appellants also requested a hear-

---

[1] 2 Pa. C. S. §§551-55, 751-54. These provisions were made part of the Pennsylvania Consolidated Statutes by Section 5 of the Act of April 28, 1978, P.L. 202, which took effect on June 27, 1978. Accordingly, these provisions were in effect when the detectives requested a hearing from each of the three local agencies and when the detectives appealed to the lower court.

[2] Each of the appellants was sworn in as "Police Officer II".

ing before the Philadelphia Civil Service Commission (Commission), asserting that the "transfers" were in violation of Civil Service Regulations. On June 28, 1978, the Commission responded that it had no jurisdiction to hear the matter.

From the Commission's decision denying jurisdiction, the detectives filed an appeal with the lower court on July 3, 1978, under the Local Agency Law. In that action they sought reversal of the Commission's decision denying them redress or a hearing, and prayed to be reinstated as county detectives. The appellants asserted that the "transfers" violated their rights under the Philadelphia Home Rule Charter and the regulations of the Civil Service Commission.

On October 4, 1978, the lower court issued an order denying the appellants relief "for lack of jurisdiction." That order brought the first of the two appeals to this Court (No. 2456 C.D. 1978), being filed on October 18, 1978.

Prior to that order of the lower court, the detectives, on September 26, 1978, had delivered to the District Attorney, and to the Director of Personnel of the City of Philadelphia, a written request for a hearing and adjudication in the matter. When both agencies denied the request, the detectives again appealed to the court below, on October 26, 1978. That appeal named as defendants the District Attorney and the Personnel Director, challenged the refusal of those two agencies to grant a hearing as requested, and prayed for the reinstatement of the appellants as county detectives. On April 3, 1979, the lower court again denied relief "for lack of jurisdiction." From that order the detectives took their second appeal to this Court (No. 830 C.D. 1979), which was filed on April 17, 1979.

Both of the lower court orders here on appeal were entered by the same Judge, and in each case without taking testimony or adjudicating the merits of the un-

derlying issue: whether the contested "transfers" violated the appellants rights under the Philadelphia Home Rule Charter and the Civil Service Regulations. Exclusive of the orders and opinions of the lower court, the only record made in this case consists of the docket entries, the appellants' pleading papers, and letters exchanged by the parties. As a further matter, the opinions and orders of the lower court are confusing. The opinions themselves seem to be based on the contentions of the respective agencies that they lacked jurisdiction to hear or review the matter of the "transfers." However, the order formally denying the detectives' appeal, in each case, proclaims to do so "for lack of jurisdiction," as if the court viewed itself as having no jurisdiction to grant relief. The latter reading is further induced by the failure of the court to address the substantive merits of the detectives' underlying claim, that the "transfers" were violative of the Civil Service Regulations.

Central to the appellants' contest of the "transfers" is Section 13.02 of the Philadelphia Civil Service Regulations, which reads in pertinent part, as follows:

Transfer of a Civil Service employee from a position in one department, board or commission, to a position in another, may be made with the approval of the Director [of Personnel] and the consent of the two appointing authorities . . . *provided the positions are in the same class. . . .* (Emphasis added.)

It is clear that the above-emphasized phrase constitutes a direct restriction in the legal power to effect an inter-departmental transfer of a civil service employee: the two positions must be "in the same class." As such, that restriction arms civil service employees, such as the detectives in this case, with a legal immunity from being involuntarily transferred out of one department to a position of a different class in another

department. The appellants have asserted throughout this litigation that the positions to which they were "transferred" are not in the same class as county detective.

Assuming, without deciding, that the two kinds of positions are not "in the same class," then these appellants have sufficiently alleged the invasion of a legal immunity by the decision of the District Attorney to transfer them to the Police Department. In short, they alleged an "adjudication."

By force of Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, any final decision, determination or ruling by an agency affecting the personal or property rights, or the privileges and immunities of a person is an "adjudication"; and that concept applies as well for purposes of the Local Agency Law. *Fatscher v. Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977).

If it is resolved that the positions to which the county detectives were "transferred" were not in the same class as their previous positions, as the detectives allege, then we have a case of local agency action affecting a right or immunity created by the Philadelphia Civil Service Regulations and such would provide the predicate for judicial relief under the Local Agency Law, *Cf. Zimmerman v. City of Johnstown,* 27 Pa. Commonwealth Ct. 42, 365 A.2d 696 (1976); *Kretzler v. Ohio Township,* 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974).

However, given the state of the record before us we cannot determine whether the appellants are entitled to the substantive relief they sought below, reinstatement as county detectives. We cannot determine whether the two kinds of positions here involved are "in the same class"; because that issue was insufficiently developed in the proceedings before the lower court.

What is clear, however, is that the allegations made by the appellants were sufficient to entitle them to a hearing on the merits of their claim before some forum below. *See Fatscher, supra.* In the instant matter, none of the local agencies involved honored the appellants' request for a hearing. One agency declined jurisdiction; the other simply refused. And, the lower court did not fully entertain or decide the issue of whether the job positions involved are of the "same class." Instead, the lower court denied relief in each case "for lack of jurisdiction."

In light of Section 553 of the Local Agency Law, 2 Pa. C. S. §553, it is at least questionable whether the local agencies could validly effect the "transfers" without giving the detectives an opportunity to be heard. That Section provides that no "adjudication" of a local agency shall be valid as to any party unless he shall have been given a reasonable opportunity to be heard.

That aside, once the aggrieved parties in this case appealed to the lower court from the transfer decision or "adjudication", without having been given an agency hearing, it then became incumbent on the lower court to pursue one of the alternatives prescribed by Section 754(a) of the Local Agency Law, 2 Pa. C. S. §754(a) : hear the appeal *de novo,* or remand the proceedings to one of the involved agencies to make a full and complete record or for other court-ordered disposition. In this case the lower court did neither but dismissed the appeals "for lack of jurisdiction."

In light of the issues raised by the detectives' underlying contest of the "transfers," and the evidential and legal issues involved therein, the most expedient of the procedural alternatives permitted by Section 754(a) would have been for the lower court to hear the matter *de novo,* and permit the parties to evidentially

develop the issue of whether the job positions are "in the same class."

For the reasons set forth, we remand this case to the lower court to conduct a *de novo* hearing on the appellants' claim, and to make such findings of fact and conclusions of law regarding same as are necessary.

ORDER

AND Now, the 7th day of November, 1980, the above-captioned cases are remanded to the Court of Common Pleas of Philadelphia County for proceedings consistent with the annexed opinion.