Lottie C. Dingel, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement System, and Pennsylvania State Police Department and Jay C. Hileman, Major, in His Capacity as Director, Bureau of Personnel, Pennsylvania State Police, Respondents.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Paul V. Ressler,* for petitioner.

*Francis S. O'Brien, Jr.,* Assistant Attorney General, with him *Thomas J. Mangan, Jr.,* for respondents.

OPINION BY JUDGE PALLADINO, September 29, 1981:
Having filed a petition for review, Petitioner, a civilian employed by the Pennsylvania State Police (State Police), seeks relief under this Court's original, or in the alternative appellate, jurisdiction, from actions of the Respondent-State Police and the Respondent-State Employees' Retirement System (Retirement System). We dismiss the petition for review.

In October of 1971 Petitioner suffered a work-related injury in the scope of her employment and consequently began a leave without pay. On December 12, 1979, while still on leave without pay, Petitioner, through her attorney, wrote to the Retirement System to request information about "her entitlement to pension and/or disability pension benefits. . . ." After her injury, Petitioner received one letter from the Retirement System and two letters from the State Police, concerning her eligibility for a retirement and/or disability annuity. These three letters are reproduced in the parties' briefs which, pursuant to Pa. R.A.P. 1515 and Pa. R.A.P. 1516, comprise the entire record for consideration by this Court.

## I. ENTITLEMENT TO A DISABILITY ANNUITY

To be eligible for a disability annuity under Section 5308 of the State Employees' Retirement Code (Code), *as amended,* 71 Pa. C. S. §5308, a state employee must satisfy three criteria: (1) status as an active member or an inactive member on leave without pay, who has five years of service credit; (2) physical or mental incapacity before retirement age, which prevents continued job jerformance, and (3) qualification under Section 5905(c)(1) of the Code, 71 Pa. C. S. §5905(c)(1).

While prior to this action Petitioner satisfied the first two eligibility criteria, Petitioner has never satisfied, nor attempted to satisfy, the third eligibility criterion, *i.e.,* qualification under Section 5905(c)(1) of the Code. Section 5905(c)(1) of the Code states that "where the [Retirement System] Board has received an *application* for a disability annuity . . . , the board shall . . . have the *applicant* examined and . . . make a finding of disability and whether or not the disability is service connected or nondisability. . . ." (Emphasis added.) Thus, an employee's application for a disability annuity activates the Retirement System administrative process.

The triggering function of the employee's application is also expressed in Section 5704(a) of the Code, 71 Pa. C. S. §5704(a): "A member who has made *application* for a disability and has been found to be eligible in accordance with the provisions of section 5905(c)(1) . . . shall receive a disability annuity. . . ." (Emphasis added.)

By letter dated December 27, 1979, the Retirement System informed Petitioner, through her counsel, that "to qualify for disability retirement benefits, a member must, while on the payroll or on a Leave Without Pay status, submit an *application*. . . ." (Emphasis

added.) However, despite the admonition of the Retirement System and the clear requirements of the Code, Petitioner failed to make an application for a disability annuity.

Addressing this Court's original jurisdiction under Pa. R.A.P. 1532 and Pa. R.A.P. 1561, Petitioner asks this Court to "[o]rder . . . a proper administrative determination of Petitioner's entitlement to disability pension benefits. . . ."

"[A]n action in mandamus will not lie where [Petitioner has] failed to utilize or exhaust [her] administrative remedies." *Packler v. State Employes' Retirement Board,* 487 Pa. 51, 54, 408 A.2d 1091, 1092 (1979).

Because the Code empowers the Retirement System board to act after receipt of an employee's application, Petitioner's failure to submit an application constitutes noncompliance with the administrative procedures of the Code and bars consideration, under this Court's original jurisdiction, of Petitioner's eligibility for a disability annuity.

The Statutory Construction Act of 1972, 1 Pa. C. S. §1504, demands strict compliance with statutorily prescribed procedures. This rule is particularly cogent within the context of proceedings before a quasi-judicial administrative agency. 'When the legislature has seen fit to enact a pervasive regulatory scheme and to establish a governmental agency possessing expertise . . . to administer that statutory scheme a court should be reluctant to interfere in those matters and disputes which were intended by the Legislature to be considered, at least initially, by the administrative agency.' *Nagle v. Pennsylvania Insurance Department,* 46 Pa. Commonwealth Ct. 621, 635, 406 A.2d 1229, 1237 (1979) (quoting *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 6, 383 A.2d 791, 793 (1977)).

Addressing this Court's appellate jurisdiction, Petitioner alternately contends that there has been a final administrative determination of her entitlement to a disability annuity, which determination constitutes an adjudication subject to this Court's review.

Petitioner argues that a letter of January 2, 1980, sent by the State Police to Petitioner, comprises an appealable adjudication of her right to a disability annuity. In pertinent part the letter states: "This letter is in response to your conversation with Lieutenant Oleski. A check with the State Employes' [sic] Retirement Board revealed that you are *not* eligible for disability retirement." (Emphasis in original.)

"By force of Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, any final decision, determination or ruling by an agency affecting the personal or property rights . . .of a person is an 'adjudication. . . .' " *Ambron v. Philadelphia Civil Service Commission,* 54 Pa. Commonwealth Ct. 488, , 422 A.2d 225, 227 (1980). This Court has repeatedly recognized that a letter written by an agency-employer acts as an adjudication if it announces a final determination of an employee's rights.[1] *Lamolinara v. Pennsylvania State Police,* 51 Pa. Commonwealth Ct. 570, 414 A.2d 1126 (1980); *Burgerhoff v. Pennsylvania State Police,* 49 Pa. Commonwealth Ct. 49, 410 A.2d 395 (1980).

The State Police letter of January 2, 1980, does not announce a final determination of Petitioner's right to a disability annuity. Under Section 5905(c)(1) of

---

[1] In *Callahan v. Pennsylvania State Police,* Pa. , 431 A.2d 946 (1981), *rev'g Callahan v. Pennsylvania State Police,* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979), the Supreme Court stated that a letter could not be a valid adjudication unless it was preceded by notice of a hearing and an opportunity to be heard as required in Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504.

the Code, the Retirement System board is vested with sole authority to determine an employee's eligibility for a disability annuity, and the Retirement System board's authority to make such a determination is conditioned upon receipt of an employee's application. Therefore, because Petitioner never submitted an application, the Retirement System board never determined Petitioner's eligibility pursuant to the Code. In the absence of an adjudication by the Retirement System board, Petitioner does not have a right of appeal to this Court under Section 702 of the Administrative Agency Law, 2 Pa. C. S. §702.

II. RIGHT TO CONTINUED LEAVE WITHOUT PAY STATUS

By a letter dated December 24, 1979, the State Police (1) informed Petitioner of the termination of her leave without pay status and (2) requested Petitioner to either resume work or resign her position.[2] In pertinent part the letter stated:

The State Employes' [sic] Retirement System has advised this office that you are entitled to a retirement annuity. . . .

. . . .

Your retirement benefits will be effective upon termination of employment.

. . . .

This letter is also to serve notice that your Leave Without Pay is ended as of the close of the regular workday on January 21, 1980. Your failure to report to work at your assigned work site on January 22, 1980 shall be deemed a resig-

_____

[2] Under Section 5308 of the Code, an employee is eligible for a retirement annuity upon attainment of superannuation age, completion of an application, and termination of State service. Under Section 5102 of the Code, 71 Pa. C. S. §5102, the date of termination of service for an employee on leave without pay is the date of resignation or formal discontinuance of employment by the employer.

nation effective that date, and your employe status with this Department terminated.

Addressing this Court's original jurisdiction under Pa. R.A.P. 1532 and Pa. R.A.P. 1561, Petitioner asks this Court to "[e]njoin ... any action regarding Petitioner's employment status pending a proper determination of her rights. ..."

To obtain the extraordinary remedy of a preliminary injunction, Petitioner must demonstrate, *inter alia,* an immediate and irreparable harm not compensable by damages. *Rush v. Airport Commercial Properties, Inc.,* 28 Pa. Commonwealth Ct. 51, 367 A.2d 370 (1976). Here, Petitioner alleges that the State Police letter of December 24, 1979, causes immediate and irreparable injury to her "employment status."

Where employment is either contractually or statutorily guaranteed, this Court has recognized, as a protected property right, an employee's "enforceable expectation of continued employment." *Sergi v. School District of City of Pittsburgh,* 28 Pa. Commonwealth Ct. 576, 580, 368 A.2d 1359, 1361 (1977). In the instant case the State Police letter does not, by itself or by reference to extrinsic matters, affect Petitioner's expectation of continued employment. The letter merely explains that Petitioner, through her own actions, can choose either to continue her employment by returning to work or to resign her employment by not returning to work.

However, the State Police letter does advise Petitioner of the termination of her leave without pay status. Accordingly, we must consider whether Petitioner has an enforceable expectation of continued leave without pay status. While Petitioner has not adduced any statutory, contractual, or other authority to establish her asserted right to continued leave without pay status, the State Police have cited Management

Directive 530.15 (Directive),[3] *as amended,* dated November 10, 1978, to support the termination of Petitioner's leave without pay status.

In pertinent part the Directive outlines leave without pay status as follows:

5. POLICIES

. . . .

c. Leaves without pay: RLWOP [regular leave without pay] or SLWOPWB [sick leave without pay with benefits] is appropriate for a disabled employe who may be able to return to work or whose application for disability retirement is pending. . . .

. . . .

(3) The total continuous time on SLWOPWB (maximum six months) and/or RLWOP may not exceed two years.

(4) An agency head may request that an employe return to work at the termination of a period of leave without pay. If the employe does not return to work, his or her resignation is effective the day after the LWOP [leave without pay] terminates.

(5) If a disability continues beyond the expiration of work-related disability [An injury or disease that prevents the performance of assigned duties and is covered by the Pennsylvania Workmen's Compensation Law. DEFINITIONS 4.e.(6) of the Directive.] leave, the agency head must approve RLWOP or SLWOPWB for up to six months at a time, such leave

[3] For cases concerning the violation of internal agency directives governing the conduct of agency personnel, see *Soja v. Pennsylvania State Police,* 43 Pa. Commonwealth Ct. 226, 402 A.2d 281 (1979) and *Calabrese Club de Monte Carmela Appeal,* 30 Pa. Commonwealth Ct. 592, 374 A.2d 764 (1977).

not to extend beyond three years from the date the injury occurred.

Paragraphs 7 and 8 of the petition for review appended to Petitioner's brief, aver that in October of 1971 Petitioner suffered a "service connected disability ... for purposes of qualifying for Workmen's Compensation Benefits ... and has continuously received Workmen's Compensation Benefits for said disability [from February 1973] to the present time. Throughout this period Petitioner has been designated an 'employe on leave without pay....' " By these averments Petitioner admits that the duration of her leave without pay status has exceeded the limits delineated in the Directive, *i.e.*, a maximum continuous leave not greater than two years and a period of leave not extending more than three years beyond the date of injury. Therefore, Petitioner does not have an enforceable expectation of continued leave without pay status, and the State Police letter of December 24, 1979, does not immediately and irreparably harm Petitioner.

Addressing this Court's appellate jurisdiction, Petitioner alternately contends that there has been a final administrative determination of her "right" to continued leave without pay status, which determination constitutes an adjudication subject to this Court's review.

Petitioner argues that the State Police letter of December 24, 1979, comprises an appealable adjudication of her "right" to continued leave without pay status because the letter announces a final administrative decision to terminate Petitioner's leave without pay. As previously stated above, a letter written by an agency-employer acts as an adjudication if it proclaims a final determination of an agency employee's rights.[4] *Lamolinara; Burgerhoff.*

---

[4] In *Callahan v. Pennsylvania State Police, supra,* the Pennsylvania Supreme Court stated that a letter could not be a valid ad-

Because Petitioner's period of leave without pay has exceeded the limits specified in the Directive, Petitioner does not have a right to continued leave without pay status. Therefore, the State Police letter does not affect Petitioner's rights and is not an adjudication. In the absence of an adjudication by the State Police, Petitioner does not have a right of appeal to this Court under Section 702 of the Administrative Agency Law, 2 Pa. C. S. §702.

Accordingly, we will enter the following

ORDER

AND Now, September 29, 1981, the Petition for Review filed on January 18, 1980, by Petitioner Lottie C. Dingel is hereby dismissed.