John Soltis and Eleanor Soltis, his wife; Joseph Warmus and Johanna Warmus, his wife; and Carl DeRocco and Rosalie DeRocco, his wife *v.* Hanover Associates, a limited partnership, Appellant.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lee Kozal,* with him *Morris Gerber; Marc D. Jonas; Gerber, Davenport & Wilenzik; Shea, Shea & Caputo;* and *Friedman & Atherton,* for appellant.

*Patrick E. Dougherty,* with him *Hourigan, Kluger & Spohrer; William C. Costopoulos;* and *Kollas & Costopoulos,* for appellee.

OPINION BY JUDGE ROGERS, January 14, 1976:

This is an appeal from an order of a chancellor of the Court of Common Pleas of Luzerne County granting a preliminary injunction restraining the appellant, Hanover Associates, from constructing a 200 unit multi-family project on land in Hanover Township. The plaintiff below, the appellees here, are the owners of dwelling houses located adjacent to or near the project. Their complaint avers that Hanover Associates did not obtain a valid special use permit from the Hanover Township Zoning Hearing Board "in that such permit, if granted, was granted without public hearing and notice of public hearing in violation of Section 908 of the [Pennsylvania Municipalities] Planning Code, Act of July 31, 1968, P.L. 805, Art. IX, *as amended,* 53 P.S. §10908, and further in violation of Section 8.140 of the Hanover Township Zoning Ordinance." The plaintiffs alleged as irreparable harm the asserted depreciation of the value of their residences by the project's location in their vicinity.

The instant appeal from the lower court's grant of a preliminary injunction is taken pursuant to Section 1 of

the Act of February 14, 1866, P.L. 28, 12 P.S. §1101, so that we look to see whether there were reasonable grounds for the lower court's order or whether the rules of law relied on where palpably wrong. Although the defendant had not filed preliminary objections prior to the hearing on whether the ex parte injunction should be continued, it asserted the lack of equity jurisdiction at the hearing and the chancellor expressly concluded that there was jurisdiction in equity to grant the injunction. We reverse the court's order and dismiss the plaintiffs' complaint because equity was clearly without jurisdiction of the matter.

On or about April 9, 1973, the Township's building inspector issued to Hanover Associates a zoning permit to use its land for the erection of its proposed multi-family project. On April 15, 1975, the building inspector issued a building permit to construct the project. The plaintiffs did not appeal to the Zoning Hearing Board from the action of the building inspector in the issuance of either the zoning permit of April 9, 1973 or the building permit issued April 15, 1975. While there is evidence that would support a finding that the plaintiffs had no actual knowledge of the issuance of the zoning permit on April 9, 1973 until April of 1975, it is clear that they knew that the building permit was issued on April 15, 1975 and that they then learned of the earlier granted zoning permit.

The following provisions of the Pennsylvania Municipalities Planning Code are pertinent: Section 1001, 53 P.S. §11001, providing that the proceedings set forth in Article X of the Code shall constitute the *exclusive* mode of securing review of any decision of zoning officers; Section 1006(c), 53 P.S. §11006(c), providing that to the extent that the Zoning Hearing Board has jurisdiction under Section 909 of the Code, appeals shall lie *exclusively* to the Zoning Hearing Board; Section 909 of Article IX,

53 P.S. §10909, providing that the Zoning Hearing Board shall hear and decide appeals where it is alleged that the zoning officer has failed to follow prescribed procedures; and Section 915, 53 P.S. §10915, providing that no person shall be allowed to file any proceeding with the Zoning Hearing Board later than 30 days after any application for development has been approved by an appropriate municipal officer "unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given." Hence, the exclusive mode for securing review of the actions of the building inspector in issuing both the zoning permit and the building permit was by appeal to the Zoning Hearing Board. The plaintiffs could have appealed to the Zoning Hearing Board from the issuance of the building permit during a period of 30 days after April 15, 1975,[1] and they could have during the same period appealed from the issuance of the zoning permit on April 9, 1973, alleging and proving that they did not learn of the grant of that permit until April 1975. Thus equity had no jurisdiction to adjudicate, preliminary or otherwise, the validity of either permit. This was so before the enactment of the Pennsylvania Municipalities Planning Code. *Bliss Excavating Co. v. Luzerne County,* 418 Pa. 446, 211 A.2d 532 (1965); *Pittsburgh Outdoor Advertising Company v. Clairton,* 390 Pa. 1, 133 A.2d 542 (1957); *Jacobs v. Fetzer,* 381 Pa. 262, 112 A.2d 356 (1955). If possible, the principle is now more firmly established by the Pennsylvania Municipalities Planning Code's description in Section 1006(c) of the Board's jurisdiction as exclusive.

The following brief comments on the merits, while unnecessary, are supplied because of the seriousness of the charge that hearing and notice of hearing was denied in the issuance of an allegedly necessary Zoning Hearing

---

1. The complaint in equity was filed on May 8, 1975.

Board authorization. The Zoning Hearing Board seems in fact to have authorized the zoning permit in December of 1971. The plaintiffs adduced no evidence whatsoever that this action was taken without a hearing or notice of hearing. Indeed, the Chancellor seems to have recognized this failure of proof by stating in one of the brief conclusions which supply the only explanation of his order, that "the Defendant [sic] *may not* have complied with the mandatory requirements of the Hanover Township Zoning Ordinance." (Emphasis supplied.)

Further, upon a close examination of the zoning ordinance in effect when the zoning permit was granted, we are unable clearly to conclude that Zoning Hearing Board authorization was required. Schedule I at Section 3.200 listed multi-family use as a "special use" in the zoning district in which Hanover Associates' land was located. Section 6.800, which concerns special uses, provides that such should be permitted only upon approval of the Township Planning Commission (which was obtained) and authorization of the Zoning Hearing Board pursuant to Section 8.210. Section 8.210, in turn, confers power on the Zoning Hearing Board to decide *appeals* where error in any order of an administrative officer is alleged. It is not clear to us that absent an appeal the Zoning Hearing Board's authorization was necessary.

Finally, we note that the project is a low rent housing project subsidized by the State and Federal governments, that it has been the subject of public meetings and that no fraud or deliberate concealment in the issuance of either permit granted to Hanover Associates was alleged or indicated by the record.

Order reversed and complaint dismissed.