In Re: Appeal of Donald E. Gilbert et al. Before the Zoning Hearing Board of Hanover Township. Donald E. Gilbert, Margaret Gilbert, Duane Swantkowski, Joann Swantkowski, Constance Perkoski, Bernadine Bochnick, Robert Vishneski and Concetta Vishneski, Appellants.

In Re: Appeal of Donald E. Gilbert et al. Before the Zoning Hearing Board of Hanover Township. Hanover Associates, Appellant.

Donald E. Gilbert et al. *v.* The Zoning Hearing Board of Hanover Township *v.* Hanover Associates. Donald E. Gilbert, Margaret Gilbert, Duane Swantkowski, Joann Swantkowski, Constance Perkoski, Bernadine Bochnick, Robert Vishneski and Concetta Vishneski, Appellants.

300

Argued October 5, 1977, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
ROGERS and BLATT.

*Charles P. Gelso,* with him *John P. Moses,* for Donald E. Gilbert, et al.

*Lee H. Kozal,* with him *Charles A. Shea, Jr., Charles A. Shea, III,* and *Shea, Shea & Caputo,* for Hanover Associates.

*John L. McDonald,* for Zoning Hearing Board of Hanover Township.

OPINION BY JUDGE CRUMLISH, JR., March 14, 1978:

This appeal comes to us as the result of a consolidation of appeals from four separate Common Pleas Court orders involving a proposed development by Hanover Associates.

On May 2, 1973, the Zoning Officer of Hanover Township approved the landowners' *zoning permit* application for 200 multi-family apartment units to be erected on the property in question. On April 15, 1975, the same individual approved Hanover Associates'

*building permit* application. On May 8, 1975, two actions were filed in the Common Pleas Court by residents of the Township seeking to revoke the *building permit*. In one case, *Soltis v. Hanover Associates,* Judge DALESSANDRO issued an order enjoining the landowner from proceeding with the construction. The appeal from that order was decided by this Court at 22 Pa. Commonwealth Ct. 637, 350 A.2d 217 (1976). We there held that the *exclusive* mode for securing review of the building inspector's actions was by way of appeal to the Zoning Hearing Board (Board) and, therefore, we reversed and dismissed plaintiff's complaint which sought equitable relief.

Thereafter, on August 28, 1975, members of a citizens' group opposed to the construction (Protestants) requested a hearing with the Board seeking revocation of the *zoning permit*. Pursuant to Section 916 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10916, Hanover Associates petitioned the Court of Common Pleas on June 22, 1976, for the posting of a bond. Subsequently, that court ordered Protestants to post a bond in the amount of $25,000, plus an additional bond of $5,000 per month as a condition to the continue prosecution of their appeal before the Board. Protestants' appeal to this order on July 7, 1976 at No. 1191 C.D. 1976 constitutes one of the four cases currently before us.

On July 13, 1976, the landowners' motion requesting that the court dismiss, with prejudice, Protestants' appeal to the Board because of its failure to post bond was denied. On July 15, 1976, a hearing was held on Protestants' petition before the Board. On July 19, 1976, Hanover Associates appealed the July 13 decision of the court below denying its motion to dismiss the appeal for failure to post bond. The appeal from this denial is also before us at No. 1243 C.D. 1976.

On August 17, 1976, the Board sustained the action of the Zoning Officer granting the *zoning permit*. On September 1, Protestants appealed this action of the Board to the Court of Common Pleas. On September 16 Hanover Associates filed another petition requesting the posting of a bond, this one pursuant to Section 1008 of the MPC, 53 P.S. §11008. This petition was subsequently granted by the court below and, as a result, Protestants were ordered to post bond in the amount of $25,000, plus an additional bond of $5,000 per month as a condition to the maintenance of their appeal before the court. The appeal of this order constitutes the third order before this Court at No. 1680 C.D. 1976.

On January 28, 1977, in an able and comprehensive opinion authored by Judge BIGELOW, Protestants' appeal of the Board's decision sustaining the grant of the zoning permit was dismissed. The appeal of this dismissal constitutes the fourth appeal emanating from the proposed construction by Hanover Associates, at No. 414 C.D. 1977. Protestants allege in this appeal that the Zoning Officer's action was improper due to a lack of public notice, public hearing, or written decision of the Board, Planning Commission or Board of Township Commissioners.

For reasons hereinafter stated, we hold that the appeal to the Board from the Zoning Officer's approval of Hanover Associates' zoning permit was untimely and, therefore, dismiss Protestants' appeal at No. 414 C.D. 1977. We consider this appeal first.

The zoning application at issue, to repeat, was approved on May 2, 1973. The record shows that, by letter dated August 28, 1975, over two years later, Protestants requested a hearing before the Board to determine the legality of the issuance of the zoning permit. As the court below noted, the issue of timeliness of appeals to the Board from such approvals

is governed by Section 915 of the MPC, 53 P.S. §10915. It reads, in part, as follows:

No person shall be allowed to file any proceeding with the board later than *thirty* days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner *unless such person alleges and proves* that he had no notice, knowledge, or reason to believe that such approval had been given. (Emphasis added.)

Protestants argue the record supports their contention that they had no knowledge of the issuance of the permit on May 2, 1973. Clearly, the statute places the burden upon those persons seeking review to allege and prove they had no notice, knowledge, or reason to know of the issuance of the permit.

As we noted earlier, in *Soltis v. Hanover Associates, supra,* this Court heard an appeal from Judge DALESSANDRO's order granting a preliminary injunction restraining Hanover Associates from the proposed construction. In that case, Judge ROGERS, speaking for the Court, stated:

While there is evidence that would support a finding that the plaintiffs had no actual knowledge of the issuance of the zoning permit on April 9, 1973, until April of 1975, it is clear that they knew that the building permit was issued on April 15, 1975 and that they then learned of the earlier granted zoning permit.

22 Pa. Commonwealth Ct. at 639, 350 A.2d at 219. He went on to add that

[t]he plaintiffs could have appealed to the Zoning Hearing Board from the issuance of the building permit during a period of 30 days after April 15, 1975, *and they could have during the*

*same period appealed from the issuance of the zoning permit on April 9, 1973,* alleging and proving that they did not learn of the grant of that permit until April 1975. (Footnote omitted.) (Emphasis added.)

22 Pa. Commonwealth Ct. at 640, 350 A.2d at 219.

As Judge BIGELOW noted for the court below in No. 414 C.D. 1977:

It seems to be intervenor's theory that this excerpt from SOLTIS is controlling upon the hearing judge in this zoning appeal and that for this reason the appeal must be dismissed as untimely. That might be so, in part, if the parties to be charged were identical but they are not. If intervenor is to prevail on this issue of timeliness it will be on the basis of findings based on the myriad miscellany of evidence submitted to this hearing judge. . . .

We agree. Moreover, as the court below found as fact, there is no direct evidence of record as to when seven of the eight Protestants first had knowledge of the approval of the zoning permit which issued on May 2, 1973. As to the eighth Protestant, she testified before the Board that she had no knowledge of the issuance of a zoning permit until "[s]ometime in July or August [1975], after this Decision of Judge DALESSANDRO's [*Soltis*] was reversed." Based upon this statement, the court below found that:

26. . . . This Commonwealth Court Decision [*Soltis*] reversing the injunction Order was dated January 14, 1976. (see 350 A.2d 217 PA. CMWLTH.) To this extent the witness testified as to two widely different dates for her first knowledge of the zoning permit issued May 2, 1973.

27. . . . [T]he citizens group concentrated on attacking the *building permit* on May 8, 1975,

both in equity and by mandamus, and did not seek any relief directly against the *zoning permit* issued on May 2, 1973 until the Request for Hearing was submitted on August 29, 1975, by *appellants herein, all members of the citizens group since April or May, 1975*. . . . In the . . . Complaint in Mandamus it is averred, inter alia, that the proposed site is zoned residential R-1A, requiring a special use permit after approval by the Zoning Hearing Board. In the SOLTIS Complaint in Equity it was also averred that Hanover Associates did not obtain *a valid* special use permit in that if such were granted it was without public notice and public hearing. . . . Therefore, it is fact that the *citizens group of which appellants herein were members* and their then-lawyers through complaints filed to institute legal proceedings against the building permit issued April 15, 1975, *knew about the Zoning Ordinance and the special permit on May 8, 1975 when these Complaints were filed*. . . . [T]he only one of these appellants testifying in these proceedings, participated in raising the money for the injunction bond in the equity action.

28. The hearing judge, therefor [sic], . . . finds as fact that appellants herein knew, or in the alternative, had reason to believe, no later than May 8, 1975, that the special use zoning permit had been issued. . . . (Emphasis added.)

Based upon these findings, the court below decided the issue of timeliness against Protestants, concluding that Protestants had reason to know of the special use permit for a period in excess of three months prior to the filing of their appeal. We agree with Judge BIGELOW that, based upon the facts outlined above which are supported by the record, Protestants' appeal

to the Board more than three months after they learned of the zoning permit was untimely. *See* our *Soltis* opinion, *supra.*

Protestants seek to excuse their delay by contending that they justifiably relied upon Judge DALESSANDRO's order of May 30, 1975, enjoining Hanover Associates from construction. However, as we made clear in *Soltis,*

> the exclusive mode for securing review of the actions of the building inspector in issuing . . . the zoning permit . . . was by appeal to the Zoning Hearing Board. . . . Thus equity had no jurisdiction to adjudicate, preliminary or otherwise, the validity of either permit. This was so before the enactment of the Pennsylvania Municipalities Planning Code. . . . If possible, the principle is now more firmly established by the Pennsylvania Municipalities Planning Code's description in Section 1006(c) of the Board's jurisdiction as exclusive. (Citations omitted.)

22 Pa. Commonwealth Ct. at 640, 350 A.2d at 219. Clearly, by bringing an equitable action, Protestants chose to ignore the statutory mandate of Section 1006 (c) of the MPC, 53 P.S. §11006(c), and, in so doing, they cannot expect to be relieved of their obligation to file a timely appeal with the Board.

Protestants argue in the alternative that, despite their failure to file a timely appeal, alleged procedural irregularities in the Board's consideration of the proposed permit rendered the permit null and void and, therefore, the 30-day time period prescribed by Section 915 of the MPC is of no effect.

We agree with counsel for Hanover Associates that Protestants' reasoning begs the question. As we said in *Township of Haverford v. Spica*, 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974), which involved

the issuance of a building permit, there is a presumption that the official issuing the permit acted properly. Clearly, the appellate process outlined in Section 915 of the MPC was designed to encompass an appeal where a permit is challenged on the basis of an alleged procedural irregularity committed by the Board in its deliberations. Therefore, assuming without deciding, that irregularties on the part of the Board *did* exist, the exclusive remedy remaining for Protestants is found in Section 1006(c) of the MPC. Since no exception is made in Section 915 of the MPC for the situation in which a permit is alleged to have been improperly issued, Protestants are bound by the mandate of that section. We must, therefore, dismiss Protestants' appeal at No. 414 C.D. 1977.

We next turn our attention to a consideration of the three remaining appeals. The appeal at No. 1191 C.D. 1976 was taken from the order of the court below requiring Protestants to post bond pursuant to Section 916 of the MPC, as a condition to maintaining their proceedings before the *Board*. The appeal at No. 1243 C.D. 1976 resulted from the denial by the court below of the petition of Hanover Associates to dismiss Protestants' appeal before the Board on the grounds that Protestants failed to post the requisite bond. Finally, the appeal at No. 1680 C.D. 1976 resulted from an order of the court below requiring Protestants to post a bond pursuant to Section 1008 (4) of the MPC, 53 P.S. §11008(4), as a condition to the prosecution of their appeal before the *court* itself.

Our consideration of appeals from Courts of Common Pleas is limited by statute to orders of the Courts of Common Pleas which are final. Section 402 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.402. The appeals at Nos. 1191 C.D. 1976 and 1680 C.D. 1976 are from orders to post bonds under the MPC. In

response to Protestants' failure to post bond, the next procedural step in each action was for Hanover Associates to petition the court for dismissal of Protestants' appeal as it, in fact, did in respect of the bond required under Section 916 of the MPC, which constitutes the appeal at No. 1243 C.D. 1976. Therefore, the initial orders of the court below which required the posting of bonds were interlocutory and not final orders and, consequently, are not properly before us. Moreover, quashing these appeals is appropriate notwithstanding Hanover Associates' failure to so move due to the limitations of our consideration of appeals from Courts of Common Pleas by Section 402 of the Appellate Court Jurisdiction Act of 1970. *See Vignoli v. Mathies Coal Co.*, 29 Pa. Commonwealth Ct. 1, 369 A.2d 908 (1977).

Finally, we consider Hanover Associates' appeal at No. 1243 C.D. 1976 stemming from the denial of the court below of Hanover Associates' petition seeking to enforce its prior order and dismiss with prejudice Protestants' then-pending appeal to the Board. This *is* an appeal from a final order and hence properly before us. However, since we have determined that Protestants' appeal to the Board was untimely and have dismissed their appeal at No. 414 C.D. 1977 on that basis, Hanover Associates' appeal at No. 1243 C.D. 1976, asking us to reverse the order of the court below which declined to dismiss Protestants' appeal, is now moot.

Accordingly, we

### Order

And Now, this 14th day of March, 1978, the order of the Court of Common Pleas of Luzerne County at No. 414 C.D. 1977 is affirmed. The appeals at Nos. 1191 and 1680 C.D. 1976 are quashed as interlocutory, and the appeal at No. 1243 C.D. 1976 is dismissed as moot.