Edwards Engineering Corporation, Appellant *v.* Wayne Davies et al., Appellees.

Argued April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Thomas J. Nickels, Heitmiller & Nickels, P.C.,* with him *Thomas P. Kennedy, Kennedy, Hodin & Wormuth,* for appellant.

*Raymond W. Ferrario,* for appellee, Supervisors of Covington Township.

*Timothy B. Fisher,* for appellees, Eagle Lake Corporation, John R. Larsen and Louis F. Larsen.

OPINION BY JUDGE WILLIAMS, JR., January 30, 1984:

Edwards Engineering Corporation (Edwards) appeals from an order of the Court of Common Pleas of Lackawanna County sustaining appellees'[1] preliminary objections in the nature of a demurrer and dismissing Edwards's amended complaint in mandamus.

On December 19, 1979, after public hearing, the Board of Supervisors of Covington Township (Board) granted final approval to the subdivision plan of John R. Larsen, Louis F. Larsen and Eagle Lake Corporation, for a proposed development of a recreational vehicle camp ground (Eagle Lake). Contiguous to Eagle

---

[1] Appellees comprise the Board of Supervisors of Covington Township, Eagle Lake Corporation, John R. Larsen and Louis F. Larsen.

Lake was the Covington Industrial Park, an undeveloped property formerly owned by Edwards's predecessor in title, Scranton Lackawanna Industrial Building Company (SLIBCO). On September 30, 1980, approximately nine months after the Board's final approval of the Eagle Lake subdivision plan, Edwards acquired title to the industrial park.

On January 14, 1981, more than two years after the Board granted final approval of the subdivision plan, Edwards instituted this mandamus action requesting the common pleas court to order the Board to revoke its approval and hold another public hearing, because of the Board's alleged failure to perform certain ministerial duties mandated by the Pennsylvania Muncipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202, and the Covington Township Subdivision Ordinance (Ordinance).

Edwards primarily asserts that the Larsens and Eagle Lake Corporation did not obtain valid, final approval of their subdivision plan because, *inter alia,* the Board failed to notify SLIBCO of the public hearing as required by Section 508(5) of the Code, 53 P.S. §10508(5)[2] and the Ordinance. By preliminary objections in the nature of demurrer, appellees contend that mandamus is inappropriate because (1) an adequate, statutory remedy existed for SLIBCO (and by succession, Edwards), and (2) the compelled administrative performance, another public hearing concerning final approval of the subdivision plan, is discretionary rather than mandatory with the Board. After the common pleas court sustained appellees' preliminary objections, Edwards appealed.

---

[2] Section 508(5) of the Code reads:
Before acting on any subdivision plot, the governing body or the planning agency, as the case may be, may hold a public hearing thereon after public notice.

50

Mandamus is an extraordinary writ which lies to compel the performance of a *ministerial act* or *mandatory duty* only where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and a lack of another appropriate and adequate remedy. *Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 295, 297 A.2d 823, 824-25 (1972). An action in mandamus, therefore, seeks to compel public officials to perform acts that are *obliged* to perform, and which involve no exercise of discretion or judgment.

Edwards prays that the Board revoke its prior, final approval of the Eagle Lake Subdivision plan and conduct another public hearing on the plan in accordance with the procedural requirements of the Code and Ordinance. Implicit in the prayer is the belief that the Board has a clear, mandatory duty to conduct hearings prior to acting on subdivision plan applications. Neither the Code nor the Ordinance, however, mandates that hearings be held on such applications.

While Section 508(5) of the Code authorizes hearings, the language is permissive rather than mandatory. *See* footnote 2, *supra; see also*, R. Ryan, *Pennsylvania Zoning Law and Procedure* §11.2.5 (1981). The language of the parallel Ordinance provision, Section 305.503(6), is also permissive.[3] Since the Board is manifestly not obligated to conduct hearings on subdivision plan applications because such hearings are discretionary rather than mandatory, the mandamus action to compel the Board to hold a hearing on the Eagle Lake subdivision plan does not lie.

Further, the failure of SLIBCO, Edwards's predecessor in title, to appeal from the Board's approval

---

[3] Section 305.503(b) of the Ordinance reads:

Before acting on any subdivision plan the Board may arrange for a public hearing thereon, after giving such notice as the Board may deem desirable in each case.

of the Eagle Lake subdivision plan (and otherwise employ the Code's administrative hearing and appeal procedures) renders this mandamus action inappropriate. Edwards concedes that, as SLIBCO's successor[4] in title, he is bound by the actions of his predecessor. Thus SLIBCO's failure to exhaust adequate and appropriate statutory remedies would be fatal to Edwards's mandamus action.

The following Code provisions, briefly summarized, are pertinent: Section 1001, 53 P.S. §11001, providing that the proceedings set forth in Article x of the Code shall constitute the exclusive mode of securing review of zoning decisions; Section 1006(c), 53 P.S. §11006(c), providing that to the extent that the zoning hearing board has jurisdiction under Section 909 of the Code, appeals shall be exclusively to the zoning hearing board; Section 909, 53 P.S. §10909, providing that the zoning hearing board shall hear and decide appeals where the zoning officer is alleged to have failed to follow prescribed procedures. Of critical importance, however, is Section 915, 53 P.S. §10915, which pertinently states:

No person shall be allowed to file any proceeding with the [zoning hearing] board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal . . . body if such proceeding is designed to secure reversal or to limit the approval in any manner *unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such*

---

[4] *Black's Law Dictionary* 1600 (4th ed. 1968) defines "successor" as follows:

One that succeeds or follows; one who takes the place that another has left, *and sustains the like part or character;* one who takes the place of another by succession. (Emphasis added.)

*approval had been given:* If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest. (Emphasis supplied.)

Edwards asserts that the Board's failure to notify SLIBCO of the public hearing held regarding the Eagle Lake subdivision plan prevented SLIBCO from appealing the plan approval to the township zoning hearing board within the thirty days appeal period, thus SLIBCO's (and by succession, Edwards's) statutory remedy was not available. Edwards, however, does not aver that SLIBCO *never* had knowledge of the plan approval, but only that the knowledge came too late for SLIBCO to timely appeal the Board's action. Further, it is not averred that SLIBCO attempted to appeal beyond the thirty day period, as permitted by Section 915, by alleging and proving that it lacked notice or knowledge of the Board's hearing and plan approval. *See Soltis v. Hanover Associates,* 22 Pa. Commonwealth Ct. 637, 640, 350 A.2d 217, 219 (1976).

Contrary to Edwards's assertion and notwithstanding the lack of timely notice, SLIBCO, under Section 915, could have appealed the plan approval to the zoning hearing board beyond the thirty days appeal period. In failing to appeal by alleging and proving that it was ignorant of the plan approval until the thirty days appeal period had run, SLIBCO (and by succession, Edwards) failed to use an available, adequate and appropriate remedy at law, to wit: statutory appeal to the zoning hearing board and then to the courts. *See id.; see also, In Re: Appeal of Gilbert,* 34 Pa. Commonwealth Ct. 299, 383 A.2d 556 (1978).

For all of the above reasons, we affirm the common pleas court order sustaining appellees' preliminary objections in the nature of a demurrer.

## ORDER

AND Now, this 30th day of January, 1984, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter, dated April 6, 1982, is affirmed.