James **FOERST**

v.

John R. **BANKO,** Charles C. **Chimera, Richard Goulding, Dale E. Saxman, Willard Wamsley, Jr., H. John Witman, III, and Falls Township.**

Civ. A. No. 83–4391.

United States District Court, E.D. Pennsylvania.

April 4, 1984.

Allen A. Pechter, Bristol, Pa., for plaintiff.

Samuel M. Snipes, Yardley, Pa., by Joseph Goldberg, Philadelphia, Pa., co-counsel, for John Banko, Charles Chimera, Richard Goulding, Dale Saxman, Willard Wamsley, H. John Witman and Falls Township.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff has commenced this action alleging violations of 42 U.S.C. §§ 1983, 1985. Plaintiff alleges that he obtained a lease to operate "a store for the sale and service of large screen television sets and the sale and rental of video cassettes." Complaint ¶ 10. Plaintiff alleges that he applied for a use and occupancy permit which the Code Enforcement Officer of the Township of Falls, H. John Witman, III, denied by letter dated June 2, 1982. Mr. Witman's letter states as a primary reason for this denial Mr. Witman's belief that the sale of "X-rated" or "Adult" video cassettes would violate Pennsylvania's criminal statutes and that therefore the proposed use could not qualify for a permit under the Falls Township zoning ordinance. Plaintiff alleges that Mr. Witman made this determination "at the express direction of Defendants Banko, Chimera, Goulding, Saxman and Wamsley and pursuant to the policy of Falls Township...." Complaint ¶ 17. Messrs. Banko, Chimera, Goulding, Saxman, and Wamsley constitute the Board of Supervisors of Falls Township. Plaintiff contends that this permit denial denied plaintiff his liberty or property without due process of law. Defendants have now moved to dismiss plaintiff's complaint.

### 1. *Exhaustion of State Administrative Remedies*

■ Defendants take the position that plaintiff cannot bring this action because he failed to appeal the denial of his permit to the zoning hearing board pursuant to article IX of the Pennsylvania Municipalities Planning Code, Pa.Stat.Ann. tit. 53, §§ 10901–10916 (Purdon 1942 and Supp. 1982). Defendants contend that plaintiff has a duty in this case to exhaust his state remedies before bringing an action in federal court pursuant to section 1983.

The short answer to this contention is that section 1983 never requires exhaustion of state remedies as a jurisdictional prerequisite in cases alleging deprivations of federal constitutional rights. *Patsy v. Board of Regents of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Some lower courts have held that when one brings a suit under section 1983 alleging a violation of a federal statutory right, one may be required to exhaust his state remedies first. *St. Joseph Hospital v. Electronic Data Systems Corp.,* 573 F.Supp. 443, 450–451 (S.D.Tex.1983); *Ryans v. New Jersey Commission for the Blind and Visually Impaired,* 542 F.Supp. 841, 849–852 (D.N.J.1982). Plaintiff here asserts no such statutory violation, but a constitutional one. Accordingly, defendants' exhaustion argument, *qua* exhaustion argument, cannot succeed.

Defendants cite *Parratt v. Taylor,* 451 U.S. 527, 540, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), in support of their argument

that plaintiff's claim must fail because plaintiff came to federal court rather than appealing an adverse decision to the zoning hearing board and then to the Court of Common Pleas. *Parratt* has nothing to do with exhaustion of state remedies as a jurisdictional prerequisite. *Parratt* deals with the definition of a constitutional deprivation.

Plaintiff's complaint alleges that Falls Township, through its Board of Supervisors, adopted a policy of excluding all purveyors of "X-rated" and "Adult" video cassettes and that the Code Enforcement Officer's decision implemented this policy. *See* Complaint ¶ 17. This allegation of a policy makes *Parratt* inapplicable on a motion to dismiss. *Parratt* dealt only with "a tortious loss of ... property as a result of a random and unauthorized act by a state employee ... not a result of some established state procedure." 451 U.S. at 541, 101 S.Ct. at 1916; *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1982). By alleging a policy, plaintiff has alleged an authorized act resulting from an established governmental procedure.

Should plaintiff fail to establish a policy to deprive him of his constitutionally protected property or liberty interests, *Parratt* may have some emanations in this zoning context. Several federal courts have considered the possibility that denials of zoning permits, at least at the initial stage before administrative appeals, do not work constitutional deprivations unless authorized by an unconstitutional ordinance or policy. *See, e.g., Albery v. Reddig*, 718 F.2d 245 (7th Cir.1983); *Scott v. Greenville County*, 716 F.2d 1409, 1419 (4th Cir.1983); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 829–834 (1st Cir.1982), *cert denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982); *LaSalle National*

*Bank v. County of Lake*, 579 F.Supp. 8 (N.D.Ill.1984); *see also Brown v. Brienen*, 722 F.2d 360, 369 (7th Cir.1983) (Flaum, J. concurring); *Chiplin Enterprises v. City of Lebanon*, 712 F.2d 1524, 1527 (1st Cir. 1983); *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 331 n. 4 (5th Cir.1981).[1]

For the foregoing reasons, the accompanying Order will deny defendants' motion to dismiss on exhaustion grounds.

### 2. *Motion to Dismiss the Township*

■ Plaintiff has joined Falls Township as a defendant. Defendants have moved to dismiss all claims against the Township on the ground that plaintiff has failed to allege a custom or policy sufficient to satisfy *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the foregoing discussion demonstrates, plaintiff has alleged such a policy. Therefore, I will deny the motion to dismiss the Township.

### 3. *Motion to Dismiss the Individual Defendants*

■ Plaintiff has joined as defendants all members of the Falls Township Board of Supervisors and the Township's Code Enforcement Officer. Defendants have moved to dismiss all claims against these individuals on the ground that these individuals have absolute immunity from suit under section 1983 or section 1985.

To the extent that they exercise legislative functions, municipal legislators have absolute immunity from liability under section 1983, and consequently under section 1985. *Aitchison v. Raffiani*, 708 F.2d 96, 98–100 (3d Cir.1983); *see also Skrocki v. Caltabiano*, 568 F.Supp. 703, 706 (E.D.Pa. 1983) (borough council members have no absolute immunity for defamatory state-

---

1. Defendants have also argued that in addition to an administrative appeal, now time-barred, plaintiff had a mandamus action available to him. *See* Pa.Stat.Ann. tit. 53, § 10909 (Purdon 1972). I conclude that the availability of either remedy does not defeat plaintiff's claim as alleged on this motion to dismiss. While some courts seem to require a showing of a policy to make out a claim under section 1983 for a zoning permit denial where plaintiff has not taken any administrative appeals, no court has treated the availability of an extraordinary writ in this light. Moreover, it is not entirely clear that a Pennsylvania court would have granted a petition for a writ of mandamus had plaintiff not taken available administrative appeals. *Edwards Engineering Corp. v. Davies*, 80 Pa. Cmwlth. 47, 471 A.2d 119, 121–122 (1984).

ments made in the course of terminating employee because action is administrative not legislative).

■ The members of the Board of Supervisors have legislative authority to establish a zoning policy. They must have participated in a legislative capacity, if at all, in the alleged unconstitutional policy-making. Mr. Witman, the Code Enforcement Officer, presents a different case. He may have had some legislative authority. On the other hand, he may have acted in an administrative role. The current record does not permit a determination of his precise involvement in the alleged policymaking. Accordingly, I cannot grant the motion to dismiss him as a defendant.

### ORDER

For the reasons stated in the accompanying Memorandum:

1. Defendants' motion to dismiss plaintiff's claims under 42 U.S.C. §§ 1983, 1985 alleging adoption by Falls Township through the individual defendants of an unconstitutional policy leading to the denial of plaintiff's application for a use and occupancy permit is DENIED.

2. Defendants' motion to dismiss Falls Township as a defendant is DENIED.

3. Defendants' motion to dismiss all claims against defendants Banko, Chimera, Goulding, Saxman, and Wamsley is GRANTED.

4. Defendants' motion to dismiss all claims against defendant Witman is DENIED.