505 A.2d 1356

James L. Lutz, Petitioner *v.* Commonwealth of Pennsylvania, State Attorney General LeRoy S. Zimmerman, Respondent.

Submitted on briefs September 12, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*James L. Lutz*, petitioner, for himself.

*Ellis M. Saull,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 6, 1986:

Attorney General LeRoy S. Zimmerman has filed preliminary objections in the nature of a demurrer to James L. Lutz's complaint in mandamus.[1] We sustain the preliminary objections.

The pertinent facts are as follows: Lutz avers that he had been employed as a special investigator by the District Attorney of Schuylkill County and that the County refused to pay him $3,200 for his services. The District Attorney denied employment.

Lutz informed the Attorney General that the District Attorney had made fraudulent representations to the common pleas court, the County Commissioners and the public, all in violation of the Pennsylvania Crimes Code,[2] and he requested the Attorney General to issue and serve an arrest warrant to the District Attorney. The Attorney General declined, contending that he had no jurisdiction.[3] Lutz in this action alleges that the Attorney General refused to perform the sworn, mandatory duty of his office to investi-

---

[1] This action was transferred to this Court from the Dauphin County Court of Common Pleas.

[2] 18 Pa. C. S. §§101-9183. Lutz's claim was not specific as to the particular sections of the Crimes Code that the District Attorney allegedly violated. Lutz simply refers to "various" crimes including perjury. 18 Pa. C. S. §4902.

[3] It appears upon review of Lutz's pro se complaint that the allegations of criminal wrongdoing relate only to the District Attorney himself. The Attorney General's office suggested further that Lutz "contact private counsel to explore possible avenues of legal relief." We agree that Lutz had a more appropriate civil remedy. "Criminal prosecutions are not to settle private grievances but are to rectify the injury done to the Commonwealth. The individual who is the victim of a crime only has recourse in a civil action for damages." *Commonwealth v. Malloy,* 304 Pa. Superior Ct. 297, 301, 450 A.2d 689, 691 (1982).

gate and/or prosecute criminal acts of an elected law enforcement official.

By these preliminary objections, the Attorney General contends that mandamus will not lie because (1) Lutz's request for an investigation and/or prosecution of the District Attorney is purely discretionary and (2) an adequate remedy at law exists.

"Mandamus is an extraordinary writ which lies to compel the performance of a *ministerial act* or *mandatory duty* only where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and a lack of another appropriate and adequate remedy." *Edwards Engineering Corp. v. Davies,* 80 Pa. Commonwealth Ct. 47, 50, 471 A.2d 119, 121 (1984) (emphasis in original). Mandamus, therefore, seeks to compel public officials to perform acts which are required or obliged to be performed and which do not involve an exercise of discretion or judgment. *Id.* "Finally, mandamus will not lie to compel the performance of discretionary acts except where the failure to exercise discretion is arbitrary, fraudulent or based on an erroneous view of the Law." *Carino v. Board of Commissioners, County of Armstrong,* 79 Pa. Commonwealth Ct. 242, 244, 468 A.2d 1201, 1203 (1983).

In support of his contention, the Attorney General argues that the investigation of a state official is discretionary and that mandamus does not lie to compel an investigation of the District Attorney. He cites Section 205(a)(1) of the Commonwealth Attorneys Act (Act),[4] which provides that "[t]he Attorney General shall have the *power* to prosecute . . . in the following cases: (1) [c]riminal charges against State officials or employees affecting the performance of their . . . public trust . . ." (emphasis added), and Section

---

[4] Act of October 15, 1980, P.L. 950, *as amended* 71 P.S. §§732-205 (a)(1).

206(a) of the Act,[5] which provides that "[t]he Attorney General shall have the *power* to investigate any criminal offense which he has the power to prosecute under section 205. . . ." (Footnote omitted; emphasis added.) These statutory provisions indicate that the Attorney General possesses the authority to prosecute or investigate and that it is within the Attorney General's discretion to exercise this power.

Additionally, we find persuasive Supreme Court decisions prior to the promulgation of the Commonwealth Attorneys Act, which define the Attorney General's powers.[6] *Margotti v. Orsini,* 368 Pa. 259, 81 A.2d 891 (1951), and *Commonwealth ex rel. Minerd v. Margiotti,* 325 Pa. 17, 188 A.2d 524 (1936), provide that the Attorney General has the *authority* to investigate, *inter alia,* any criminal violations of the laws of the Commonwealth.[7]

Because we hold that the exercise of the Attorney General's duty to investigate this District Attorney is discretionary and not subject to mandamus, and Lutz's complaint must of necessity fail, we shall not address the remaining contentions.

---

[5] 71 P.S. §732-206(a).

[6] These powers were derived from Section 904 of The Administrative Code of 1929, P.L. 177, *as amended, formerly* 71 P.S. §294, repealed by the Act of October 15, 1980, P.L. 950, and common law.

[7] Moreover, because the Attorney General serves as a statewide prosecutor, we find persuasive the case law holding that a district attorney's decision to prosecute is a matter of discretion. *See, e.g., United States ex rel. Miller v. Rundle,* 270 F.Supp. 55 (E.D. 1967). "[T]he district attorney is permitted to exrecise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset. . . ." *Malloy,* 304 Pa. Superior Ct. at 303, 450 A.2d at 692.

We sustain the Attorney General's preliminary objections and dismiss Lutz's complaint in mandamus.

ORDER

The preliminary objections filed by Attorney General LeRoy S. Zimmerman are sustained, and the complaint of James L. Lutz is dismissed.