4N THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman,                           :
                    Appellant           :
                                        :    No.  549 C.D. 2015
               v.                       :
                                        :    Submitted:  July 24, 2015
The Honorable Arnold New                :


**OPINION NOT REPORTED**

MEMORANDUM OPINION
PER CURIAM                                              FILED:  August 27, 2015


Joan Lichtman (Appellant) appeals, *pro se*, from the October 21, 2014 order of the Court of Common Pleas of Philadelphia County (trial court) denying her petition to open a judgment of *non pros*.  We affirm.

On July 9, 2013, Appellant filed a *pro se* complaint in mandamus against the Honorable Arnold New (Judge New) of the Court of Common Pleas of Philadelphia County.  In this complaint, Appellant alleged that Judge New had erred in denying her motions to proceed *in forma pauperis* in previous and separate civil actions.  (Trial court op. at 1-2.)

Appellant did not serve the complaint on Judge New, and, on February 6, 2014, the trial court ordered Appellant to complete service within sixty days or a judgment of *non pros* would be entered.  Appellant did not comply, and on July 11,

2014, the trial court issued an order entering a judgment of *non pros* against Appellant. (Trial court op. at 1-2.)[1]

On July 25, 2014, Appellant filed a petition to open the judgment of *non pros*, contending that she had good cause for failing to serve the complaint because another trial judge granted her *in forma pauperis* status in this action and she did not have the financial means or physical ability to effectuate service on Judge New. By order dated October 21, 2014, the trial court denied Appellant's petition to open. The trial court concluded that the judgment of *non pros* was properly entered and declined to open it because: Appellant never attempted to serve the complaint on Judge New in direct defiance of court order; Appellant did not offer a reasonable excuse for failing to serve the complaint; and Judge New was prejudiced by Appellant's failure to serve the complaint. The trial court further declined to open the judgment because Appellant's underlying complaint in mandamus did not allege a meritorious cause of action. (Trial court op. at 3-8.)

On appeal to this Court,[2] Appellant asserts that the trial court erred in failing to open the judgment of *non pros*. We disagree.

---

[1] "A Court may properly enter a judgment of *non pros* when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *Ulsh v. Zoning Hearing Board of Lower Paxton*, 22 A.3d 244, 250 (Pa. Cmwlth. 2011).

[2] A petition to open judgment is an appeal to the equitable powers of the court. Therefore, this Court's standard of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Horner v. CS Myers Sons, Inc.*, 721 A.2d 394, 396 n.4 (Pa. Cmwlth. 1998).

2

An order entering a judgment of *non pros* can only be challenged by filing a petition pursuant to Pa.R.C.P. No. 3051. *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 999 (Pa. 2001). In pertinent part, this rule provides:

> (a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
>
> (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
> (1) the petition is timely filed,
>
> (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
>
> (3) there is a meritorious cause of action.

Pa.R.C.P. No. 3051.

In its opinion, the trial court concluded, *inter alia*, that Appellant failed to allege a meritorious cause of action against Judge New in her complaint in mandamus because Appellant had an adequate remedy at law. (Trial court op. at 8.) For purposes of opening a judgment of *non pros*, a meritorious cause of action exists if the claim as pleaded and proved at trial would entitle the plaintiff to relief. *Simmons v. Luallen*, 763 A.2d 810, 813 (Pa. 2000).

"Mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate remedy at law." *County of Allegheny v. Commonwealth of Pennsylvania*, 490 A.2d 402, 408 (Pa. 1985). If there is an adequate remedy at law, mandamus relief is precluded. *Pennsylvania Tavern Association v. Pennsylvania Liquor Control*

*Board*, 372 A.2d 1187, 1189 (Pa. 1977). Our Supreme Court has held that an order denying *in forma pauperis* status in a civil case is a final and appealable order because "[a] litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court." *Grant v. Blaine*, 868 A.2d 400, 402-403 (Pa. 2005).

In *Edwards Engineering Corp. v. Davies*, 471 A.2d 119 (Pa. Cmwlth. 1984), this Court upheld the trial court's dismissal of a plaintiff's mandamus complaint against a township's Board of Supervisors. In the complaint, the plaintiff requested the trial court to order the Board to revoke its approval of a subdivision plan and to hold another public hearing, alleging that the Board violated mandatory duties imposed by the Pennsylvania Municipalities Planning Code.[3] We concluded that mandamus was not proper because the plaintiff "failed to use an available, adequate and appropriate remedy at law, to wit: statutory appeal to the zoning hearing board and then to the courts." *Id.* at 122.

Likewise, in *Hutnik v. Duquesne School District*, 302 A.2d 873 (Pa. Cmwlth. 1973), this Court affirmed a trial court's dismissal of a plaintiff's mandamus complaint against a school board, contending that the board violated statutory law when it discharged her. We concluded that mandamus relief was inappropriate because the plaintiff had an adequate remedy at law, *i.e.*, the plaintiff had the right to file a direct appeal from the board's termination decision to an appellate court under the Local Agency Law in effect at that time.[4]

---

[3] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

[4] *Former* Act of December 2, 1968, P.L. 1133, 42 P.S. §§11301-11311.

4

Here, we agree with the trial court that Appellant's complaint does not state a meritorious cause of action in mandamus because Appellant possessed an adequate remedy at law. In her mandamus complaint, Appellant alleged that Judge New erred in previously denying her *in forma pauperis* status in separate civil actions. Rather than file timely direct appeals from Judge New's denial orders in those civil actions, Appellant instituted a complaint in mandamus. However, Appellant had the right to immediately appeal an order denying *in forma pauperis* status, *Grant*, 868 A.2d at 402-403, which constitutes an available and adequate remedy at law. Therefore, we conclude that the trial court did not abuse its discretion in denying Appellant's petition to open on the grounds that an adequate remedy at law exists and precludes mandamus relief.

Accordingly, we affirm.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lichtman,                 :
            Appellant         :
                                 :    No. 549 C.D. 2015
          v.                   :
                                 :
The Honorable Arnold New      :

***PER CURIAM***

***ORDER***

AND NOW, this 27th day of August, 2015, the October 21, 2014 order of the Court of Common Pleas of Philadelphia County is affirmed.