# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leon D. Bodle,                                    :
                  Petitioner        :
                                  :
        v.                                       :
                                  :
Josh Shapiro,                                     :
Pennsylvania Attorney General,                    :    No. 145 M.D. 2019
                  Respondent        :    Submitted: April 1, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: July 5, 2022

Before this Court are Pennsylvania Attorney General (AG) Josh Shapiro's (AG Shapiro) Preliminary Objections to Leon D. Bodle's (Bodle) Petition for Writ of Mandamus (Petition) filed in this Court's original jurisdiction. After review, this Court sustains AG Shapiro's second Preliminary Objection and dismisses Bodle's Petition.

## Facts[1]

On July 18, 2008, Old Lycoming Township (Township) Detective Sergeant Christopher Kriner (Sergeant Kriner) and Police Officer Michael Samar (Officer Samar) (collectively, Township Police Officers) interrogated Bodle and accused him of committing Criminal Solicitation; Unlawful Contact with a Minor, Sexual - Child Pornography; Criminal Use of a Communication Facility; and

---

[1] The facts are as alleged in the Petition.

Corruption of Minors. During the interrogation, Officer Samar stood directly over Bodle while he was seated in a chair. Officer Samar got close to Bodle's face, yelled at him while constantly slamming his hand down on a conference table, and threatened to send Bodle to a federal prison for years with a gift of Vaseline. When Bodle refused to confess, Officer Samar struck him on the left side of his head over his ear with his right open hand and then asked Bodle if he was going to tell him what Officer Samar wanted to hear. When Bodle still refused, Officer Samar struck Bodle on the right side of his head over his ear with his left open hand and then asked again if Bodle would tell him. Sergeant Kriner sat across the table with a smile on his face during the entire event. Thereafter, Bodle became scared and reluctantly confessed to things he claims he did not do.

During the trial for the aforementioned crimes, Bodle heard the audio recording of his interrogation for the first time, and noticed it was edited to remove parts of what actually occurred. Audible pauses could be heard where it was edited. Bodle was found guilty, in large part, because of the edited recording.

In November 2016, Bodle began experiencing anxiety attacks brought on by flashbacks of the incident, wherein he remembered Officer Samar assaulting him. Bodle began seeing Mr. Brown, a *psychologist* at the State Correctional Institution (SCI) at Houtzdale, for therapy.[2] In March 2017, Mr. Mobilaji, a certified registered nurse practitioner (CRNP), and the prison's *psychiatrist*, diagnosed Bodle with Post-Traumatic Stress Disorder (PTSD).[3] Since that time, Bodle has experienced numerous flashbacks for which several Department of Corrections (DOC) psychiatrists and psychologists have treated him at SCI-Houtzdale. Bodle

---

[2] Although Bodle refers to Mr. Brown as a psychologist in his Petition, neither Mr. Brown's first name nor his official title appear in the Petition.

[3] Although Bodle refers to Mr. Mobilaji in his Petition as both a CRNP and a psychiatrist, neither Mr. Mobilaji's first name nor his official title appear in the Petition.

has also participated in a group therapy class run by another psychologist at the prison.

Bodle's then-attorney Lori Rexroth-Davenport, Esquire, recommended that Bodle send a letter to the AG's office requesting an investigation. On January 15, 2018, Bodle sent a letter to the AG's office. Specifically, Bodle sent the letter to both the AG's Criminal Investigations and Civil Rights Investigations Divisions, requesting that the agency investigate the incident. Bodle has not received a response to his January 15, 2018 letter, nor has the AG's office investigated the matter.

On March 11, 2019, Bodle filed the Petition against AG Shapiro requesting "this Honorable Court to [o]rder that a Writ of Mandamus [] be issued upon [AG Shapiro] directing that [Bodle's] request for an investigation of the incident be done." Petition at 3. By March 1, 2021 Order, this Court directed AG Shapiro "to file an answer or otherwise plead within 30 days from the exit date of this [O]rder." *Id.* On April 19, 2021, AG Shapiro filed Preliminary Objections alleging: (1) improper service;[4] (2) failure to state a claim; (3) legal insufficiency; and (4) failure to exhaust statutory remedy.

On May 25, 2021, Bodle filed a document that he titled "Brief in Response to [AG Shapiro's] Preliminary Objections." By November 3, 2021 Order, this Court directed Bodle to file "his brief . . . in opposition to Preliminary Objections on or before November 19, 2021[,] or the Court will proceed without [Bodle's] brief." *Id.* On November 18, 2021, Bodle filed an Application for Relief requesting that this Court "allow the Brief in Response to [AG Shapiro's] Preliminary Objections filed on or about May 15, 2021, to stand for the [b]rief requested by this Court on[] November 3, 2021[,]" which this Court denied because it did not comply

---

[4] AG Shapiro withdrew this objection after Bodle effectuated proper service.

with the Pennsylvania Rules of Appellate Procedure (Rules) and directed Bodle to "file an amended brief . . . that conforms to the requirements of Chapter 21 of the [Rules], and serve one copy on [AG] Shapiro on or before January 5, 2022, or the Court will proceed without [Bodle's] brief." Bodle did not file an amended brief.

## Discussion

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review [in the nature of a complaint], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will not permit recovery*, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer, a court must confine its analysis to the* [*petition for review in the nature of a*] *complaint*.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review in the nature of a complaint], but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 311 n.1 (Pa. Cmwlth. 2019).

In his second Preliminary Objection, AG Shapiro argues that the Petition should be dismissed because it fails to demonstrate a clear legal right for which a writ of mandamus can be issued.

This Court has explained:

> The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires "[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and [3] a lack of any other adequate and appropriate remedy at law." *Crozer Chester Med*[.] [*Ctr.*] *v. Dep*[*'t*] *of Lab*[.] [*&*] *Indus*[.]*, Bureau of Workers' Comp*[.]*, Health Care Serv*[*s.*] *Rev*[.] *Div*[.]*, . . .* 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established. *Wilson v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008).

*Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015) (citation omitted).

AG Shapiro asserts that the AG does not have a mandatory duty to investigate all possible crimes or non-criminal matters. Section 205(a) of the Commonwealth Attorneys Act[5] provides, in relevant part:

> The [AG] shall have the power to prosecute in any county criminal court the following cases:
>
> (1) Criminal charges against [s]tate officials or employees affecting the performance of their public duties or the maintenance of the public trust and criminal charges against persons attempting to influence such [s]tate officials or employees or benefit from such influence or attempt to influence.

---

[5] Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §§ 732-101 - 732-506.

71 P.S. § 732-205(a). Further, Section 206(a) of the Commonwealth Attorneys Act states, in pertinent part: "The [AG] shall have the power to investigate any criminal offense which he has the power to prosecute under [S]ection 205 [of the Commonwealth Attorneys Act][.]" 71 P.S. § 732-206(a). "These statutory provisions indicate that the [AG] possesses the authority to prosecute or investigate and that **it is within the** [AG's] **discretion to exercise this power**." *Lutz v. Commonwealth*, 505 A.2d 1356, 1357 (Pa. Cmwlth. 1986) (emphasis added). Moreover, a review of the Commonwealth Attorneys Act reveals that it does not grant the AG the power to investigate non-criminal misconduct. *See* 71 P.S. §§ 732-101 - 732-506.

To the extent that Bodle argues that AG Shapiro has a mandatory duty to investigate the Township Police Officers' actions for possible criminal offenses, the Pennsylvania Supreme Court has expressly held that the decision to prosecute based upon a criminal complaint is **discretionary** and that discretion is placed in the hands of the duly-elected district attorney or the AG. *Konya v. Dist. Att'y of Northampton Cnty.*, 669 A.2d 890 (Pa. 1995). Thus, Bodle has no legal right to compel the AG to conduct an investigation into the incident. *See id.*; *see also Lutz*. Accordingly, "mandamus would be inappropriate." *Konya*, 669 A.2d at 893.

To the extent that Bodle asserts that AG Shapiro has a mandatory duty to investigate the Township Police Officers' actions for possible non-criminal misconduct, Bodle cites no authority from the Commonwealth Attorneys Act or case law to support his assertion that the AG has a mandatory duty to do so. Because "[t]he burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief[,]" mandamus is not warranted. *Sinkiewicz*, 131 A.3d at 546 (quoting *Werner*, 681 A.2d at 1335).

"Because we hold that the exercise of the [AG's] duty to investigate [the Township Police Officers] is discretionary and not subject to mandamus, and

6

[Bodle's Petition] must of necessity fail, we shall not address the remaining [Preliminary Objections]." *Lutz*, 505 A.2d at 1357-58.

**Conclusion**

"[A]ccept[ing] as true all well-pleaded material allegations in the [Petition and the document attached thereto], as well as all inferences reasonably deduced therefrom[,]" and "resolving any doubt in favor of overruling the preliminary objection," as we must, because "it []appear[s] with certainty that the law will not permit recovery," *Torres*, 997 A.2d at 1245, this Court sustains AG Shapiro's second Preliminary Objection and dismisses the Petition.

_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Leon D. Bodle,                     :

         Petitioner        :

                               :

        v.                    :

                               :

Josh Shapiro,                 :

Pennsylvania Attorney General,   :   No. 145 M.D. 2019

         Respondent    :

<u>O R D E R</u>

AND NOW, this 5th day of July, 2022, Pennsylvania Attorney General Josh Shapiro's second Preliminary Objection to Leon D. Bodle's Petition for Writ of Mandamus (Petition) is SUSTAINED, and the Petition is DISMISSED.

_____

ANNE E. COVEY, Judge